# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ALYSSA YARBOROUGH**,** | ) |
| **Plaintiff,** | ) |
|  | ) |
| **v.** | ) CASE NO.: 2:22-CV-01303-GMB |
|  | ) |
| AVIATION SERVICES GROUP, INC, | ) |
|  | ) |
| **Defendant.** | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**COMES NOW** Defendant, Aviation Services Group, Inc. ("Defendant " or "ASG") and for its response to the Complaint of Plaintiff, Alyssa Yarborough ("Plaintiff"), submits its Answer and Affirmative Defenses.

## ANSWER

Defendant answers the allegations contained in the Complaint by denying the allegations not expressly admitted herein.  Defendant further states that it answers the allegations contained in the Complaint on the basis of information currently available to it and expressly reserve the right to amend its answer and affirmative defenses as it obtains additional information.  As to each specific allegation of Plaintiff's Complaint, Defendant responds as follows:

1

**I.    JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff's Complaint purports to bring an action under Title VII of the Civil Rights Act, as amended by the Pregnancy Discrimination Act. Except as thus stated, Defendant denies any liability to Plaintiff.

2. Defendant admits that this Court has federal question subject matter jurisdiction or supplemental jurisdiction over Plaintiff's claims. Except as thus stated, Defendant denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits that venue is proper in this Court, but denies any alleged acts of discrimination.

**II.    PARTIES**

4. Defendant admits, upon information and belief, the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that Plaintiff was employed by ASG from on or about September 9th, 2016 to on or about October 10th, 2020.

7. Defendant denies that ASG employed at least fifteen (15) persons for each working day during each of 20 or more calendar work weeks for any relevant work week related to Plaintiff's claims.

### III. <u>CONDITIONS PRECEDENT</u>

8. Defendant admits that Plaintiff purports to bring an action for unlawful employment practices and pregnancy discrimination. Except as thus stated, Defendant denies the remaining allegations in Paragraph 8 of the Complaint and denies any liability to Plaintiff.

9. Defendant state that the Charge speaks for itself. Except as thus stated, Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint, including, but not limited to, the allegations contained in Exhibit 1 of Plaintiff's Complaint.

10. Defendant states that the Notice of Rights speaks for itself. Except as thus stated, Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that, based upon the date of the Dismissal and Notice of Rights and the date stamp of the filing of Plaintiff's Complaint, the Plaintiff's lawsuit appears to have been filed within 90 days of the date of the Dismissal and Notice of Rights, but Defendant is without sufficient knowledge to admit or deny when Plaintiff received the Dismissal and Notice of Rights.

12. Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of the Complaint.

## IV. FACTUAL ALLEGATIONS

13. Defendant denies the allegations as stated.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint with the clarification that Plaintiff was hired to serve as Assistant Aircraft Scheduler/Administrative Assistant.

15. Defendant admits that Plaintiff was hired as a part-time employee with fluctuating hours. Defendant admits that Plaintiff worked in excess of 40 hours on some occasions over a four (4) year period, however, Defendant clarifies that those times included periods of weekend on-call duty for call transfers. During such on-call periods, Plaintiff may or may not have actually performed work, but was paid anyway. Based upon information and belief, Defendant admits that Plaintiff may have averaged approximately 30 hours per week during her entire employment period with ASG, but denies it was as much as 35 hours per week.

16. Defendant admits that Plaintiff received an employment review in June, 2017 in which most boxes were checked "good" or "excellent" however, in the review, Defendant entered multiple entries where Plaintiff needed improvement. Defendant admits Plaintiff was given a $2.00 raise from $10.00 to $12.00 per hour.

17. Defendant admits that the Plaintiff gave birth to her 2nd child in February of 2018 and took 6 weeks of unpaid leave.

18. Defendant admits that Plaintiff returned to work in April 2018 and received a $1.00 pay increase effective October 1, 2018.

19. Defendant admits that Plaintiff was employed part-time for over 4 years but denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that due to the rise of the Covid-19 pandemic, ASG reassigned at risk employees, including, but not limited to Plaintiff, to work from home on or about March 17th, 2020 to assist in reducing chances of the employee's exposure to Covid-19.

22. Defendant admit that Plaintiff continued to work through her pregnancy remotely, but denies, as stated the remainder of the allegations contained in Paragraph 22 of the complaint.

23. Plaintiff does not make any allegation specific to or relevant to this action requiring a response from Defendant in Paragraph 23.

24. Defendant denies that Robert Ingram was hired in July 2020. Defendant denies, as phrased, the reason Robert Ingram was hired. Defendant admits that Robert Ingram was hired effective September 1st, 2020 for a salary of $50,000 per year.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies that there was any change to inform Plaintiff of in July 2020. Defendant admits that Plaintiff chose to continue to work from home on a flexible schedule.

27. Defendant denies that there was any change to inform Plaintiff of in August 2020. Defendant admits that Plaintiff chose to continue to work from home on a flexible schedule.

28. Defendant denies that it has an obligation to inform part-time, at-will employees of business decisions it makes. Defendant admits that Plaintiff chose to continue to work from home on a flexible schedule.

29. Based upon information and belief, Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant lacks sufficient information to admit or deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 36 of the Complaint, as phrased.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint as phrased.

36.     Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in Paragraph 37 of the Complaint as phrased.

## V.     STATEMENT OF PLAINTIFF'S CLAIMS

### COUNT I – PREGNANCY DISCRIMINATION

38.     Defendant adopts and reaffirms its responses contained in Paragraphs 1 through 37 as is fully set out herein.

39.     Defendant admits that ASK knew that Plaintiff was pregnant as of the middle of February 2022.

40.     Defendant admits that ASG entered into discussions with Robert Ingram beginning July 2020 which resulted in the hiring of Robert Ingram effective September 1, 2020 in the roles of Assistant Scheduler and Assistant Director of Operations.  Defendant admits that Plaintiff's part-time job duties would be

subsumed as one part of Robert Ingram's responsibilities encompassing his full-time position. Defendant denies it had any duty to notify Plaintiff of any changes in its personnel at that time.

41. Based upon information and belief, Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff was notified of her termination on October 12, 2020 but denies any inference contained in Paragraph 42 that the termination was a result of Plaintiff's pregnancy.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint as phrased.

44. Defendant admits that Robert Kent told Plaintiff that she could check back in the Spring to see if ASG needed any part-time help at that time, however, Defendant denies that Plaintiff was told "she could re-apply in the Spring of 2021."

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## RELIEF

As to Plaintiff's Prayer for Relief against Defendant ASG following Paragraph 49 of the Complaint, Defendant denies that it is liable to Plaintiff, denies that Plaintiff is entitled to any of the relief requested in Paragraphs (a) through (d), and demands strict proof of the damages alleged therein.

## AFFIRMATIVE DEFENSES

Defendant assert the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

## FIRST DEFENSE

Plaintiff's claims, or some of them, fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with any procedural prerequisites prior to bringing her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

**THIRD DEFENSE**

To the extent Plaintiff's claims are based on any acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred.

**FOURTH DEFENSE**

Plaintiff's claims are barred to the extent that she failed to mitigate her claimed damages, her entitlement to which is expressly denied.

**FIFTH DEFENSE**

Defendant plead the doctrines of res judicata, collateral estoppel, judicial estoppel, equitable estoppel, waiver, and laches.

**SIXTH DEFENSE**

Plaintiff's claimed damages are, or may be, limited by statute, including the damages caps set forth in 42 U.S.C. § 1981a.

**SEVENTH DEFENSE**

Plaintiff is barred from the recovery of special damages because Plaintiff has failed to plead such damages in a manner required by Federal Rule of Civil Procedure 9(g).

**EIGHTH DEFENSE**

To the extent that any alleged unlawful acts were committed by or against Defendant's employees, ASG neither authorized nor ratified such acts.

**NINTH DEFENSE**

Defendant is not liable for actions of its agents, servants, and/or employees committed outside of the scope of their employment.

**TENTH DEFENSE**

Defendant may not be held liable for punitive damages, as Defendant has not acted with malice or with reckless indifference to federally protected rights and Defendant made good faith efforts to comply with all applicable laws.

**ELEVENTH DEFENSE**

Defendant has no legal liability to Plaintiff for the independent actions of a third-party.

**TWELFTH DEFENSE**

Defendant avers that even if some impermissible motive was a factor in any employment decision concerning Plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

**THIRTEENTH DEFENSE**

Plaintiff's damages are limited, in whole or in part, by the doctrine of after-acquired evidence.

**FOURTEENTH DEFENSE**

Any alleged adverse employment action taken by Defendant that might constitute a violation of federal or state law was done so without any knowledge,

understanding, or appreciation of any risk that Defendant's employment actions were in violation of federal or state law.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred or diminished by Defendant' right to setoff and/or recoupment.

## SIXTEENTH DEFENSE

Plaintiff's claims for damages, penalties, and punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions: (I) Article I, Section VIII of the United States Constitution, which prohibits impermissible burdens on interstate commerce; (ii) the excessive fines clause of the Eighth Amendment of the United States Constitution; (iii) the due process clause of the Fourteenth Amendment to the United States Constitution; and (iv) the double jeopardy clause of the Fifth Amendment to the United States Constitution.

## SEVENTEENTH DEFENSE

Some or all of the purported claims in the Complaint are barred or some or all of the forms of relief sought in the Complaint are limited in whole or in part because any actions or omissions which may be deemed in violation of applicable law were not willful.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## TWENTIETH DEFENSE

Defendant denies that it employed the requisite number of employees required to be an "employer" under the relevant statutes. Plaintiff cannot meet her burden of proof to establish Defendant is an "employer."

## TWENTY-FIRST DEFENSE

Defendant reserves the right to assert additional defenses during the course of discovery.

Respectfully submitted,

*/s/Jason A. Stuckey*
Jason A. Stuckey (STU019)
*Attorney for Aviation Services Group, Inc.*

**OF COUNSEL:**
FULMER, MAY & STUCKEY, LLC
300 Cahaba Park Circle, Ste. 100
Birmingham, Alabama 35242
Telephone: (205) 991-6367
Email:stuckey@fmslawfirm.com

*/s/Kimberly W. Geisler*
Kimberly W. Geisler
Margot Blaire Woolverton
*Attorneys for Aviation Services Group, Inc.*

13

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
211 Twenty-Second Street North
Birmingham, Alabama 35203
Telephone:  (205) 251-2300
Facsimile:   (205) 251-6773
Email:         kgeisler@scottdukeslaw.com
                   mwoolverton@scottdukeslaw.com


**CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2023, I have served a copy of the foregoing upon counsel of record via the CM/ECF electronic filing system, which will send notification to the following:

Leslie Palmer
Palmer Law, LLC
104 23rd Street South, Suite 100
Birmingham, Alabama 35233
Telephone: (205) 285-3050
Email: Leslie@palmerlegalservices.com

                                  */s/Jason A. Stuckey*
                                  Of Counsel